UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

VENUS CONCEPT USA INC., a
Delaware corporation,

    Plaintiff,

v.

ENRIQUE TREVINO
individually,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, VENUS CONCEPT USA INC. ("Plaintiff"), by and through the undersigned counsel, hereby files the instant Complaint against the Defendant, ENRIQUE TREVINO ("Defendant") for damages and equitable relief and, as grounds therefore, states, asserts, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other related relief that exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorneys' fees.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332 on the basis of the amount in controversy exceeding Seventy-Five Thousand and 00/100 ($75,000.00) Dollars and the Plaintiff and Defendant being citizens of different States as outlined below.

3. Venue is proper in the Southern District of Florida since the parties agreed to litigate their claims in Miami-Dade County, Florida pursuant to the Subscription Agreement that is the subject of this action.

4. Plaintiff is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida.

5. Defendant is a *sui juris* individual over the age of eighteen (18) who resides in Del Rio, Texas and is the owner of a business named Bronze Tanning in Del Rio, Texas ("Bronze Tanning") and who has guaranteed the performance of the obligations under the Subscription Agreement that is the subject of this action.

**Introductory Statement**

6. Plaintiff is a medical aesthetic device company in the business of developing, commercializing and delivering minimally invasive and non-invasive medical aesthetic and hair restoration technologies and devices to its consumers, such as the Defendant. In or around December 2017, Plaintiff provided and delivered its "Venus Legacy" and "Venus Versa" system, as well as additional supplies and goods to the Defendant, to which the Defendant received and accepted. As is explained in greater detail below, the Defendant failed to provide Plaintiff the benefit of their bargain and has failed to adequately compensate Plaintiff for the reasonable value of the goods and services the Defendant has received, accepted, and enjoyed.

**GENERAL ALLEGATIONS**

7. Plaintiff and Defendant, on behalf of Bronze Tanning entered into and executed the "Subscription Agreement" dated December 21, 2017, whereby Plaintiff promised to deliver certain medical aesthetic device(s), supplies and services (collectively the "Goods") in consideration for Bronze Tanning's promise to pay the "Aggregate Amount" of One Hundred Fifty-One Thousand Eight Hundred Ninety-Nine and 99/100 ($151,899.99) Dollars in certain monthly installments listed in the Subscription Agreement. A true and correct copy of the Subscription Agreement is

4830-7448-0104.1

attached hereto as **Exhibit "A"** and is incorporated into, adopted, and made a part hereof through this reference.

8. On the same days as the execution of the Subscription Agreement, Defendant executed and delivered a guaranty to Plaintiff ("Guaranty"), wherein Defendant guaranteed the full payment and punctual performance of all obligations of Bronze Tanning under the Subscription Agreement. A true and correct copy of the Guaranty is included in the Subscription Agreement attached hereto and incorporated within **Exhibit "A"** as referenced above.

9. Plaintiff delivered all supplies and materials listed within the Subscription Agreement to Bronze Tanning, to which it and/or the Defendant received and accepted.

10. Pursuant to the terms of the Guaranty, the Defendant owes the Plaintiff, an aggregate amount of One Hundred Twenty-Five Thousand Five Hundred Fifty-Five and 36/100 ($125,555.36) Dollars consisting of the remaining value of the Subscription Agreement, plus interest on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since February 8, 2020.

11. The failure of Bronze Tanning and/or the Defendant to make any of the requisite payments due and owing since February 8, 2020, constitutes an event of "Default" under the Subscription Agreement. *See Subscription Agreement & Guaranty*, § 13.a. ("Each of the following is a material default by [the Defendant]: The [Defendant] fails[] to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]").

12. Upon the happening of a Default, the Subscription Agreement and Guaranty allow for and provides Plaintiff with the right to immediately terminate same and to accelerate any and

all payments remaining under the Subscription Agreement that would not have otherwise been due and owing but for the Default:

> **14. Effect of Default –** In the event of any Default, [Plaintiff] may take any one of the following actions (separately or cumulatively): (i) ***terminate this Agreement with immediate effect*** and in such case the provisions of Section 15 below shall apply . . .
>
> **15. Effect of Termination or Expiration** – In the event of termination or expiration of this Agreement, the following shall apply:
>
> The [Defendant] shall pay forthwith (without notice) to [Plaintiff] as liquidated damages, and not as a penalty, an amount . . . equal to the aggregate of:
>
>> (i) ***Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default*** [(i.e., February 8, 2020)], and
>>
>> (ii) The unpaid value of:
>>
>>> (A) Any remaining Monthly Installment payable from the date of Default, and
>>>
>>> (B) Amounts otherwise payable under the Agreement, and
>>
>> (iii) ***Any Enforcement Costs*** [(which include "all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of [Plaintiff's] rights or remedies, sale[,] or re-lease costs or other realization costs)] incurred by [Plaintiff], and
>>
>> (iv) ***Interest thereon*** [(at the rate of eighteen percent (18%) per annum)] from the date of the Default [(i.e., February 8, 2020)] until payment in full.

*Subscription Agreement*, §§ 14-15 (emphasis added).

      13.    In connection with the above-quoted language, and because Bronze Tanning and Defendant defaulted by failing to pay all amounts due by the respective due dates or any time thereafter, the Plaintiff, by and through the undersigned counsel, delivered a Notice of Termination

dated May 7, 2021 to the Defendant terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the clear and unambiguous language of the Subscription Agreement ("Notice of Termination").  A true and correct copy of the Notice of Termination is attached hereto as **Exhibit "B"** and is incorporated into, adopted, and made a part hereof through this reference.

14. As of May 7, 2021, the Defendant owes Plaintiff: One Hundred Twenty-Five Thousand Five Hundred Fifty-Five and 36/100 ($125,555.36) Dollars, consisting of the remaining value of the Subscription Agreement plus interest on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since February 8, 2020.

15. All conditions precedent to filing this action have been met by Plaintiff or have otherwise been waived or excused by the Defendant.

16. Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay a reasonable fee for said attorneys' fees and costs; and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses for bringing this action.

## COUNT I – BREACH OF GUARANTY

17. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through sixteen (16) as if set forth at length herein.

18. This is an action against Defendant for breach of the Guaranty.

19. Defendant has guaranteed the performance of Bronze Tanning's obligations under the Subscription Agreement.

20. As a result of the Defendant's breach and default under the Subscription Agreement, Defendant is obligated to pay all amounts due and owing Plaintiff under the Subscription Agreement.

21. Plaintiff has demanded that Defendant pay to Plaintiff the amounts due and owing under the Subscription Agreement; however, Defendant has failed to make the required payments.

22. Defendant has breached the Guaranty by failing and refusing to pay Plaintiff the amounts due and owing Plaintiff under the Subscription Agreement.

23. Plaintiff has suffered damages as a result of Defendant's breach of Guaranty.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Twenty-Five Thousand Five Hundred Fifty-Five and 36/100 ($125,555.36), against the Defendant, ENRIQUE TREVINO, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT II – UNJUST ENRICHMENT

24. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through sixteen (16) as if set forth at length herein.

25. This is an action against the Defendant for unjust enrichment.

26. Plaintiff conferred to the appreciation of the Defendant and Bronze Tanning certain benefits in the form of highly advanced, sophisticated, and costly medical aesthetic equipment, devices, and supplies.

27. The Defendant and Bronze Tanning accepted and retained said benefits under circumstances which make it inequitable for the Defendant to have retained same without paying the value of the benefits received.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment against the Defendant, ENRIQUE TREVINO, for damages,

prejudgment interest, attorneys' fees and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

[*SIGNATURE ON FOLLOWING PAGE*]

DATED: May 10, 2021.   Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Plaintiff, *Venus Concept USA Inc.*
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282
David.Hawthorne@lewisbrisbois.com
Melissa.VanHuss@lewisbrisbois.com
ftlemaildesig@lewisbrisbois.com

BY:    */s/ David Hawthorne*
       David M. Hawthorne
       FBN 935174

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 10, 2021 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of filing.

*/s/ David M. Hawthorne*
**DAVID HAWTHORNE, ESQ.**
Florida Bar No. 935174

**SERVICE LIST**

ENRIQUE R. TREVINO
511 SPRING
DEL RIO, TX 78840-5153

4830-7448-0104.1